PER CURIAM.
This is an appeal by the defendant below from a conviction of third degree murder, as a lesser degree of the offense of second degree murder with which he was charged by information.
The homicide had occurred in a bar room. By the time of the trial two of the state’s material witnesses had become unavailable. A third material witness was in a hospital, too ill to attend the trial in the courthouse. The judge, jury, defendant and counsel proceeded to the hospital, and that witness’s testimony was taken there.
The appellant does not claim error resulted because the testimony of the witness was taken in the hospital, but contends he was denied a fair trial and due process in that under the circumstances he was unduly curtailed and restricted in cross-examination of the witness.
*757 The record fails to support, and in fact refutes that contention. The direct testimony of the witness comprises four pages in the record. The cross-examination consumes eleven pages. No objection was made at the trial by counsel for defendant as to being restricted in length or scope of cross-examination, and the record does not reveal that counsel was so restricted.
As reported, the cross-examination appears to have been full and complete, and it shows no request by counsel for the defendant to proceed further. For example, in concluding the cross-examination, defendant’s counsel stated: “All right. Fine. Thank you very kindly, Mr. Hughes.” Whereupon the trial judge asked, “Anything further?” to which there was no response. Additionally, prior to the examination of the witness in the hospital the trial judge had informed counsel, “If it appears that there is any prejudice that attaches to it I will entertain the appropriate motion at that time.” No motion was made by counsel based on that invitation, and after return to the courthouse the trial was resumed without objection.
No reversible error having been made to appear, the judgment is affirmed.